# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ELM 3DS INNOVATIONS, LLC,       :

        Plaintiff,             :

v.                      :

MICRON TECHNOLOGY, INC.,       :      C.A. No. 14-1431-LPS
MICRON SEMICONDUCTOR         :
PRODUCTS, INC., and MICRON       :
CONSUMER PRODUCTS GROUP,     :
INC.,                      :

        Defendants.          :

## MEMORANDUM ORDER

At Wilmington this **10th** day of **August, 2015**:

Having reviewed the parties' letter briefs (D.I. 28, 29, 32) and associated materials filed

with respect to Elm 3DS Innovations, LLC's ("Plaintiff") Motion to Strike Micron's Ninth

Affirmative Defense (D.I. 27) ("Motion"), **IT IS HEREBY ORDERED** that Plaintiff's Motion

is **GRANTED**, for the reasons stated below.

1.      On May 21, 2015, Plaintiff moved to strike Micron Technology, Inc., Micron

Semiconductor Products, Inc., and Micron Consumer Products Group, Inc.'s ("Defendants")

Ninth Affirmative Defense in their Answer (D.I. 24), which alleges that U.S. Patent No.

8,791,581 (the "'581 patent") is "unenforceable due to Plaintiff's inequitable conduct . . . ." (D.I.

24 at 25) Specifically, Defendants argue that the claims of the '581 patent would not have been

granted but for the failure of the '581 patent's inventor and prosecuting attorney to disclose

information related to Interference No. 105,859 (the "Interference"), which involved U.S. Patent

1

Application No. 10/143,200 (the "'200 application") and U.S. Patent No. 6,236,602. (*Id.* at 27)

2. Accepting as true all factual allegations in Defendants' inequitable conduct pleading, the Court nevertheless agrees with Plaintiff that "the interference proceeding at issue was not material to the patentability of the '581 patent" and, therefore, that Defendants' inequitable conduct defense is not plausible, since it is based solely on Plaintiff's alleged failure to disclose information related to the Interference. (*See* D.I. 28 at 1)

3. The '581 patent claims priority to an application that in turn claims priority to the '200 application; Defendants argue that certain claims of the '581 patent recite the same or similar subject matter covered by the count of the Interference. (D.I. 24 at 27, 31-32) Defendants further argue that the Interference concluded with a determination by the Board of Patent Appeals and Interferences ("BPAI") that the subject matter of the '200 application was invented "by another" – from which it follows, allegedly, that the subject matter of the '581 patent was also invented by another. (*Id.* at 32) Additionally, Defendants contend that this determination was material and purposefully withheld from the Patent Office. (*Id.* at 32, 35)

4. However, Defendants' characterization of what the BPAI determined is inaccurate. (*See* D.I. 28-1) The BPAI terminated the Interference without making any determination of priority. (*Id.* at 13) The BPAI instead determined that the Interference was "barred under 35 U.S.C. § 135(b)(1)," which is a "statute of repose" requiring interference claims to be brought within one year of issuance of the claims that an inventor wishes to claim as his or her own. (*Id.* at 13; D.I. 28 at 3) More specifically, the Interference was terminated because the claims at issue from the '200 application were materially altered after expiration of the one-year window during which an interference could have been declared. (D.I. 28-1 at 10-11) Thus, the

BPAI terminated the Interference before making *any* determination of whether the subject matter of the '581 patent was invented by another. Therefore, the Interference had no relevance to the patentability of the '581 patent.[1]

**IT IS FURTHER ORDERED** that the parties' joint request for a teleconference (D.I. 33) regarding Plaintiff's Motion is **DENIED** as moot in light of the Court's foregoing Order.

HON. LEONARD P. STARK
U.S. DISTRICT COURT JUDGE

---

[1]Documents relating to the Interference are in the record, Defendants' inequitable conduct defense is predicated on the BPAI's determination, and the import of that determination does not appear to present a disputed question of fact. It is likely for one or more of these reasons that no party has objected to the Court considering the Interference materials as part of its evaluation of the motion to strike.